ORAL ARGUMENT NOT YET SCHEDULED
No. 21-7102 (Consolidated with No. 21-7105)

# United States Court of Appeals for the District of Columbia Circuit

―――――――

WYE OAK TECHNOLOGY, INC.,
*Plaintiff/Appellee/Cross-Appellant*,

v.

THE REPUBLIC OF IRAQ AND
THE MINISTRY OF DEFENSE OF THE REPUBLIC OF IRAQ,
*Defendants/Appellants/Cross-Appellees*.

―――――――

**On Appeal from the United States District Court for the District of Columbia**

**AGREED MOTION TO GOVERN FUTURE PROCEEDINGS**

Pursuant to the Court's Order, dated February 4, 2022 (the "Order"), Defendants/Appellants/Cross-Appellees Republic of Iraq and Ministry of Defense of the Republic of Iraq, and Plaintiff/Appellee/Cross-Appellant Wye Oak Technologies, Inc. respectfully submit this agreed motion (the "Motion") to govern future proceedings in this case (the "Attorneys' Fees Appeal").

On January 20, 2022, this Court issued an order holding this case, the Attorneys Fees Appeal, in abeyance pending the decision of the Court in *Wye Oak Technology, Inc. v. Republic of Iraq, et al.*, appeal Nos. 19-7162, et al. ("the Merits

Appeal"). On February 4, 2022, this Court disposed of the Merits Appeal by vacating the District Court's judgment and remanding the case to the District Court for further proceedings (the "Merits Appeal Decision"). As a result, in the Order on February 4, 2022, this Court directed the parties to file motions to govern future proceedings in this case by March 7, 2022.

In light of the Merits Appeal Decision, the parties are in agreement that the District Court's final order awarding the attorneys' fees at issue in this Appeal should be vacated and this case should be remanded to the District Court for further proceedings. *See*, *e.g.*, *Webb v. D.C.*, 146 F.3d 964, 978 (D.C. Cir. 1998) (vacating award of attorneys' fees where court of appeals vacated judgment on the merits in favor of plaintiff with a remand for further proceedings that may or may not have resulted in re-entry of a judgment supporting the award of fees); *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1484 (D.C. Cir. 1995) ("We vacate the default judgment in favor of Ms. Shepherd and remand her claims for further proceedings consistent with this opinion. We accordingly also vacate the awards of damages and attorneys' fees."). Notwithstanding that the Merits Appeal and Attorneys' Fees Appeal were not consolidated and resolved together, the parties agree that vacatur of the merits judgment warrants vacatur of the Attorneys' Fees Judgment at this time and the remand of the case to the district court for further proceedings consistent with this Court's Merits Appeal Decision and mandate.

## CONCLUSION

For the foregoing reasons, the parties jointly consent to the vacatur of the Attorneys' Fees Judgment in No. 21-7102 and remand to the District Court of this case for further proceedings consistent with the Merits Appeal Decision in No. 19-7162 and the mandate in the Merits Appeal scheduled to issue on March 14, 2022. Given this agreed disposition, the parties also have no objection to the issuance of the mandate in this appeal, No. 21-7102, concurrently with the vacatur of the attorneys' fees judgment and issuance of the mandate in No. 19-7162.

Dated:     March 7, 2022
           Washington, D.C.

Respectfully submitted,

*/s/ Boaz S. Morag*
Boaz S. Morag
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Telephone:   (212) 225-2000
Facsimile:   (212) 225-3999
Email:       bmorag@cgsh.com

*Counsel for Defendants/Appellants/
Cross-Appellees*

>*/s/ C. Allen Foster* (with permission)
>C. Allen Foster (DCBN 411662)
>Eric C. Rowe (DCBN 466182)
>WHITEFORD TAYLOR & PRESTON LLP
>1800 M Street NW, Suite 450N
>Washington, DC 20036
>Telephone:   (202) 659-6800
>Facsimile:   (202) 331-0573
>Email:          cafoster@wtplaw.com
>                    erowe@wtplaw.com
>
>*Counsel for Plaintiff/Appellee/
>Cross-Appellant*

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g) and D.C. Circuit Rule 32(a), I HEREBY CERTIFY that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 442 words.

I FURTHER CERTIFY that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in Times New Roman 14-point font using Microsoft Word for Office 2013.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on March 7, 2022 and served to all counsel of record through the Court's ECF system.

*/s/ Boaz S. Morag*
Boaz S. Morag